MORDAUNT BODINE et al., Respondents, *v.* MATILDA KILLEEN, Appellant.

Married women, to the extent and in the matters of business in which they are by law permitted to engage, owe the same duty to those with whom they deal, and may be bound in the same manner as if unmarried. Where they clothe others with apparent authority to act for and bind them, the apparent must be taken as the real authority, and they are estopped from disputing it, so far as others have been induced to act upon the faith of it.

Defendant, a married woman, who had been carrying on business and purchasing goods on credit of plaintiffs, her husband acting as her agent in making the purchases and payments, transferred the business, to her husband, who subsequently carried it on at another place in the same city, continuing to purchase of plaintiffs, who had no notice or knowledge of the change. In an action to recover for such purchases,—*Held*, that plaintiffs had the right to presume that the business and the agency of the husband was continued until actual notice of change and revocation, and that suffering the plaintiffs to act upon this presumption defendant was estopped from alleging the contrary, and was liable.

(Argued May 21, 1873; decided June 3, 1873.)

Statement of case.

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiffs, entered upon a verdict.

This was an action for goods alleged to have been sold and delivered by plaintiffs to defendant, a married woman, between May and September, 1869.

For several years prior to May 1st, 1869, the defendant had carried on business on her own account at 400 Broome street, in the city of New York, and was accustomed to purchase stock in trade of plaintiffs. Up to the early part of 1868 such purchases were made through her husband, acting as her agent. He being taken ill, she subsequently made the purchases and payments herself. On May 1st, 1869, she sold out to her husband, and he opened and continued a similar business for himself in Twenty-eighth street, and made purchases therefor of the plaintiffs upon credit.

The court charged the jury in effect that they were only to determine in this case whether notice was given plaintiffs by defendant of her retirement from business; that in case the plaintiffs had no such notice the verdict must be in their favor, to which defendant excepted; that if plaintiffs had notice of such fact or knowledge of facts sufficient to put them upon inquiry in respect thereof, and neglected to make it, the verdict must be for the defendant.

Defendant's counsel requested the court to charge the jury, that in case they were satisfied from the evidence that defendant at the time of the purchases in question was not actually engaged in business on her own account, no recovery could be had against her in this action. The court refused so to charge, and defendant excepted. The jury found a verdict in favor of the plaintiffs.

*Moses Ely* for the appellant. A married woman's right to contract obligations operating *in personam* is confined to dealings in a business in which she is engaged or in relation to her separate estate. (4 N. Y. Stat. at Large, 513–515; *Manchester* v. *Shaler*, 47 Barb., 155; *Robinson* v. *Rivers*, 9

Abb. Pr. [N. S.], 144; *Arnold* v. *Bernard*, 8 id., 116; *Schmitt* v. *Costa*, 3 id., 188; *Badgely* v. *Decker*, 44 Barb., 577; *Perkins* v. *Perkins*, 62 id., 531; *House* v. *De Witt*, 63 id., 53–63; *Brown* v. *Hermann*, 14 Abb. Pr., 394; *Brown* v. *McCune*, 4 Sandf., 224; *Corn Exch. Ins. Co.* v. *Babcock*, 42 N. Y., 613, 642; *Yale* v. *Dederer*, 22 id., 450, 460, 461; *Sherman* v. *Elder*, 24 id., 381, 385; *Goss* v. *Cahill*, 42 Barb., 311, 315; *Baum* v. *Mullen*, 47 N. Y., 577; *Rowe* v. *Smith*, 45 id., 230.) The statutes concerning married women, though they are remedial, are in derogation of the common law, and their meaning cannot be extended. (*Perkins* v. *Perkins*, 62 Barb., 531.) At common law a married woman could not make an executory agreement, nor could she be estopped from denying that she had made one. (*Carpenter* v. *Schemerhorn*, 2 Barb. Ch., 314; *Jackson* v. *Vandheyden*, 17 J. R., 167; *Teal* v. *Woodworth*, 3 Paige, 470; *Wight* v. *Shaw*, 5 Cush., 56–66; *Strawn* v. *Strawn*, 50 Ill., 33; *President, etc., Concord Bank* v. *Bellis*, 10 Cush., 276; *Keen* v. *Coleman*, 39 Penn., 299; *Davenport* v. *Nelson*, 4 Camp., 26; *Lowell* v. *Daniel*, 2 Gray, 161; 2 Pars. on Cont., 799, note [w], and cases cited; *Delancy* v. *McKeen*, 1 Wash. C. C., 334; *Edgerton* v. *Thomas*, 5 Seld., 40; *Goulding* v. *Davidson*, 26 N. Y., 604.) The judgment cannot be sustained upon the idea of a recovery for tortious and fraudulent suppression of facts. (*Catlin* v. *Hansen*, 1 Duer, 327; *Woodruff* v. *Dickie*, 31 How. Pr., 167; *Brown* v. *McCune*, 4 Sand., 224; *Baum* v. *Mullen*, 47 N. Y., 577; *Rowe* v. *Smith*, 45 id., 230.)

*Cyrus Lawton* for the respondents. A married woman is authorized by statute to carry on business the same as though she were unmarried. (S. L. 1860, chap. 90; S. L. 1862, chap. 172.) Defendant could not act as she did and be relieved from responsibility. (*Johnston* v. *Jones*, 4 Barb., 369; *Dunning* v. *Roberts*, 35 id., 463; *Rawls* v. *Deshler*, 3 Keyes, 572.) The agency of defendant's husband would be presumed to continue until a notice to the contrary was given. (2 Kent's Com., 614, 615, 644, star paging, and cases cited; 2 Pars. on

Cont., 70, 71, and cases cited; 1 Am. Lead. Cases, 711, and cases cited.)

ALLEN, J. With the removal of common-law disabilities from married women, corresponding liabilities have necessarily been imposed upon them. They take the civil rights and privileges conferred, subject to all the incidental and correlative burdens and obligations, and their rights and obligations are to be determined by the same rules of law and evidence by which the rights and obligations of the other sex are determined under like circumstances. To the extent, and in the matters of business in which they are by law permitted to engage, they owe the same duty to those with whom they deal, and to the public, and may be bound in the same manner as if they were unmarried. Their common-law incapacity cannot serve as a shield to protect them from the consequences of their acts, when they have statutory capacity to act.

A married woman is *sui juris* to the extent of the enlarged capacity to act conferred by statute, and may be estopped by her acts and declarations, and is subject to all the presumptions which the law indulges against others with full capacity to act for themselves. (*Sherman* v. *Elder*, 24 N. Y., 381.) Where there is no legal capacity to contract, a party will not be estopped by falsely representing that he has capacity; that is, the incapacity is not removed by any fraudulent representation of the actor. The law will not permit one legally incapacitated to do that indirectly which he or she cannot do directly. That is especially the case in respect to infants and married women laboring under the common-law disabilities, the law imposing the disqualification from motives of public policy, and for the safety of those regarded as weak, and needing this protection. (*Keen* v. *Coleman*, 30 Penn., 299; *Lowell* v. *Daniels*, 2 Gray, 161; *Goulding* v. *Davidson*, 26 N. Y., 604.) But the reason of the rule ceasing with the removal of the incapacity, the rule falls. In the management and control of her separate property, when acting by agents, a *feme*

*covert* is answerable for the frauds of her agent while acting within the scope of the agency, although the fraud may be without her knowledge or assent. (*Baum* v. *Mullen*, 47 N. Y., 577.) By statute (Laws of 1860, chap. 90) a married woman may carry on any trade or business on her sole and separate account, and the earnings from her trade or business are her sole and separate property, and she may sue and be sued in all matters having relation to her sole and separate property, in the same manner as if she were sole. She has all the legal capacity to do every act incident to the business or trade in which she may engage which a *feme sole* would have, that is, full legal capacity to transact the business, including, as incidents to it, the capacity to contract debts and incur obligations in any form, and by any means, by which others acting *sui juris* can assume responsibility.

This defendant, for many years prior to May, 1869, had been doing business in New York city as a retail grocer, buying her goods of the plaintiffs on credit. During most of the time, and until some time in the year 1868, her husband had acted as her agent in making the purchases and payments. The husband was taken ill in 1868, and from that time she made the purchases and payments to the plaintiffs, but there was no revocation of the agency of the husband. About the first of May she transferred the business to her husband, who subsequently carried it on at a different place in the same city, and bought the bills of goods, for which action is brought, during the month of May. The jury have found that there was no notice to the plaintiffs of the change in the business, and that they had no knowledge of it. Credit was in fact given to the defendant, and not to her husband. The plaintiffs had the right to presume that the business of the defendant, and the agency of her husband in respect to it, continued until actual notice of change in the business, and a revocation of the agency. Suffering the plaintiffs to act upon this presumption, she is estopped from alleging the contrary. She had capacity to continue the business in which she had been engaged, and

whether she expressly represented to the plaintiffs that the business was still hers and her husband was her agent, or the facts were legally and naturally inferable from her acts or her silence, is immaterial. She is bound by the appearances which she has given to the transaction, and upon the faith of which others have acted, up to the limits of her legal capacity to act. In other words, to the extent of her legal capacity, the apparent authority of the husband to act for and bind her must be taken as the real authority, so far as others have been induced to act upon it, and have parted with their property upon the faith of it. It is simply because the defendant had the power to contract the debt for which this action is brought, that she may be estopped by her acts from disputing her liability, and the existence of this capacity takes the case out of the principle of the authorities relied upon by the counsel for the appellant. This is the only question presented by the record, or urged by the appellant, although it is made the subject of several exceptions in different forms upon the trial. The case was well disposed of at the circuit.

The liability of the defendant does not depend upon the fact that she was actually carrying on a business or trade on her sole and separate account, but upon her capacity to do so, with the other circumstances establishing her liability.

The judgment must be affirmed.

All concur.

Judgment affirmed.