Mary McVey, Respondent, v. Mary A. Cantrell, Appellant.

Where a married woman, having a separate estate, borrows money for the avowed purpose, on her part, of applying the same to the benefit of her estate, and the loan is made and her promissory note taken for the amount, in reliance upon such representation, her estate is liable, and an action may be maintained against her upon the note, although the money borrowed was not in fact applied for the benefit of such estate.

*Heugh* v. *Jones* (32 Pa., 432) disinguished.

(Argued April 23, 1877 ; decided September 18, 1877.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon a verdict. (Mem. of decision below, 6 Hun, 538).

The nature of the action and the facts are set forth sufficiently in the opinion.

*Henry H. Morange*, for the appellant. As there was nothing in the notes charging defendant's separate estate, they could not be enforced against her. (*Yale* v. *Dederer*, 18 N. Y., 265.) It will not be presumed that these notes were for the benefit of defendant's business or estate. (*Second Nat. Bank of Watkins* v. *Miller*, 63 N. Y., 639; *Man. B. & M. Co.* v. *Thompson*, 58 id., 80; *Frecking* v. *Rolland*, 53 id., 422; 36 id., 600; 37 id., 35; *Corn Ex. Ins. Co.* v. *Babcock*, 42 id., 642.) What was said when the money was first borrowed cannot apply to the notes sued on, being renewal notes. (*Holmes* v. *De Camp*, 1 J. R., 34; *Pentard* v. *Tackington*, 10 id., 105; *Bank of Salina* v. *Babcock*, 21 Wend., 499; *Bank of Sandusky* v. *Scovill*, 24 id., 115.)

*Daniel T. Robertson*, for the respondent. Evidence *aliunde* was admissible to show the real consideration or to

whom the credit was given. (*Hier* v. *Staples*, 51 N. Y., 136; *Fresking* v. *Rolland*, 53 id., 423; *Maxon* v. *Scott*, 55 id., 250, 251.

Rapallo, J. This action was brought upon two promissory notes made by the defendant, both dated July 2d, 1873 ; one for $300, payable to the order of the plaintiff, and the other, for $397, payable to the order of Daniel McVey, and by him endorsed and transferred to the plaintiff.

The defendant is a married woman, but was held liable on the ground that she had a separate estate, consisting of real property, and that the notes were given for money borrowed by her for the avowed purpose of paying interest on mortgages upon such property. The evidence on this point was conflicting.

The defendant gave evidence to the effect that the money for which the notes were given was used for the support of defendant's family.

The court submitted to the jury the question whether the money was borrowed on the defendant's representation that she desired it for the purpose of paying interest on a mortgage, and the plaintiff *relied* upon such representation, and charged that if this was the fact the jury must find for the plaintiff, and that it was entirely immaterial what became of the money afterwards—whether it was applied for the benefit of her separate estate or not.

The counsel for the defendant requested the court to charge that if they found that the money forming the consideration of the notes was used by the defendant for the support of herself and children, they must find for the defendant. This was refused and exception taken. The jury found for the plaintiff on the question submitted to them, and the exception to the refusal to charge presents the only material question in the case.

It cannot be denied that the defendant had the power to bind her separate estate for the payment of this money, for whatever purpose it was wanted or was actually used.

The only question is, whether the intention so to bind it appears in legal form. Under the decisions in this State, evidence of oral declarations is not admissible to show an agreement to bind the separate estate, where the obligation upon which the action is brought is in writing. (*Yale* v. *Dederer*, 22 N. Y., 456.) In that case it was held that in an action upon a promissory note of a married woman, parol evidence was not admissible to show that the note was intended to be a charge upon her estate. That the note was the only evidence of the contract.

In that case, it appeared that the woman gave the note as surety for a debt of her husband. But it is held in the same case, that the intention to charge the separate estate may be presumed from the nature of the transaction. SELDEN, J., after reviewing the English authorities, says that the foundation of the power of a *feme covert* to charge her separate estate has heretofore arisen solely from her incidental power to dispose of that estate, and that it is plain that no debt can be a charge, which is not connected by agreement, either express or implied, with the estate. If contracted for the direct benefit of the estate itself, it would of course become a lien, on the well-founded presumption that the parties so intended; but that no other debt can be thus charged without some affirmative act of the wife evincing that intention. This principle has governed all the succeeding cases in this State. The separate estate is held bound for a debt contracted for its benefit, not simply upon the theory that the money sought to be recovered has actually gone into it and increased it, or relieved it from a charge, but upon the ground that it must have been intended by the parties that the estate should be bound for such a debt. The obligation is created as soon as the debt is contracted, and cannot be affected by a subsequent diversion of the money or property obtained, to purposes other than that of benefiting the estate. The proposition that the borrowing of money to pay interest on mortgages on the real estate of a married woman is contracting a debt for the benefit of her estate, is too plain to

need discussion. The intention to bind the separate estate is inferable from the transaction, without any extraneous evidence, and as soon as the debt is contracted, the estate is bound. If the moneys were borrowed to be returned on demand, it would not be necessary to wait until its actual application had been made before a right of action by the lender would accrue, and consequently no diversion of the money from the purpose for which it was lent should be a defense. No one could doubt that, if a married woman purchased materials for the purpose of building on her land, her estate would be bound. It clearly would not be discharged by her subsequently changing her mind, and selling the materials and spending the money for the support of her family. It is not to be presumed that she intended to commit a fraud when she said that she wanted the money for the benefit of her estate, or that she did not at the time intend so to apply it, and to bind her estate for its repayment, and she must have known that the credit was given to her estate.

We are aware that in Pennsylvania (*Heugh* v. *Jones* 32 Penn. St. Rep., 432), in an action against a married woman on a note given for money borrowed for the avowed purpose of improving her separate real estate, she was held not liable unless it was shown further that the money was actually applied to that object. It will be found, on examination of the cases in that State, that they go much farther than ours in shielding married women from liability, and their statute varies materially from our acts of 1848, 1849, 1860 and 1862. By section 3 of the act of 1860, chap, 90, as amended by the act of 1862, chap. 172, a married woman may enter into any contract having reference to her real estate, and by section 7 of the act of 1860, she may sue and be sued in all matters having relation to her separate property. The test of her liability is not, whether her separate estate is actually benefited or not, but whether the contract has reference to it, or has relation to it. If the contract here had been that the plaintiff should pay the

interest on the mortgage, could it be questioned that it was a contract having reference or relation to the real estate? The relation is as clear as if it were a contract to build or repair a house on her land. It cannot make much difference that the money was entrusted to the defendant for the same purpose. The question whether it was borrowed and lent for that purpose, was one of fact which the jury have determined in the plaintiff's favor.

None of the other questions raised by the appellant require further comment than is contained in the opinion at General Term.

The judgment should be affirmed.

All concur.

Judgment affirmed.