CHARLES W. NASH et al., Respondents, *v.* ISABELLA H. MITCHELL, Appellant.

In an action, upon contract, against a married woman, the burden is upon plaintiff, not only to prove the contract, and that it was made by her or her authorized agent, but that it was a contract she was capable of making.

Where no express charge upon her separate estate is created by the contract, it must be made to appear that it was in or about a trade or business carried on by her, or that it was for the benefit of such estate.

The management of her landed property by a married woman—*i. e.,* the receipt and disposal of the rents and income therefrom—is not the carrying on of a trade or business within the meaning of the statute authorizing married women to carry on trade or business.

Defendant, a married woman, executed to her husband a power of attorney, authorizing him "to make, sign, indorse and accept all checks, notes, drafts and bills of exchange" for her, which power of attorney was deposited with a bank where she kept an account. Defendant was the owner of real estate, from which she received rents, but was not carrying on a trade or business. The husband gave to plaintiffs a post-dated check in the defendant's name in exchange for their check, payable to his order. The check so given by the husband was presented at maturity, and payment was refused. In an action thereon, *held,* that the power granted to the husband was to deal with the moneys and choses in action, parts of defendant's separate estate, not to create a debt, or to charge such estate for a debt; and that the transaction was not within the terms of his authority.

Also, *held,* that in the absence of proof that the debt was contracted for the benefit of the defendant's estate, or that plaintiffs so supposed, the

check could not have been charged on said estate had it been drawn and delivered by defendant in person.

*McVey* v. *Cantrell* (70 N. Y., 295) distinguished.

*Nash* v. *Mitchell* (8 Hun, 471) reversed.

(Argued June 12, 1877; decided November 13, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiffs, entered upon the report of a referee. (Reported below, 8 Hun, 471.)

This action was brought to recover the amount of a check for five hundred dollars, dated November 9th, 1872, on the " Central Bank of Westchester County," to the order of the plaintiffs, signed " I. H. Mitchell, by C. H. Mitchell, attorney," indorsed by the plaintiffs, duly presented for payment, payment refused, and protested for non-payment.

The referee found, in substance, that the check in suit was given on the 4th day of November, 1872, in exchange for one for a like amount, drawn by the plaintiffs on their bank, payable to the order of C. H. Mitchell, which was paid on that day. At the time when said checks were given, the defendant was a married woman, the wife of the said C. H. Mitchell. She kept an account in the said " Central Bank of Westchester County," and had given to her husband a power of attorney authorizing him " to make, sign, indorse and accept all checks, notes, drafts and bills of exchange for her, in her name," etc., which was deposited in said bank. Aside from said bank account, the defendant had a separate property, consisting of a house and about ten acres of land, on which she and her family resided, and which was mainly carried on by her, through her husband acting as her agent, who hired the male servants and paid them by check drawn by him in her name upon her said bank account. She also had a separate real estate in the State of New Jersey, from which she received, and for which she disbursed money through her husband as her agent. At the time of the making of the check in suit, defendant had not sufficient funds in bank to her credit to pay the same.

*James E, Wheeler*, for appellant.   The check upon which
this action was brought is not the contract of defendant.
(*Un. Bk.* v. *Mott*, 39 Barb., 180; *N. R. Bk.* v. *Aymar*, 3
Hill, 262.)   The giving of the check to the plaintiffs by
defendant's husband created no valid legal obligation
against her, she being a married woman.   (*Yale* v. *Dederer*,
18 N. Y., 265 ; 22 id., 450 ; *Corn Exchange Bk.* v. *Babcock*,
42 id., 614 ; *Man. B. & M. Co.* v. *Thompson*, 58 id., 80 ;
*Hallock* v. *De Munn*, 2 T. & C., 350; *Quassaic Bk.* v. *Waddell*,
1 Hun, 125 ; *Downing* v. *O'Brien*, 3 N, Y. Wkly. Dig. 87 ;
*Nat. Bk. of Watkins*, 2 T. & C., 104 ; *Prendergast* v. *Borst*,
7 Lans., 489; *White* v. *McNett*, 33 N. Y., 371.)

*Sam. J. Crooks*, for respondents.   Defendant was bound
by the acts of her husband.   (*N. Y., N. H. R. R. Co.*
v. *Schuyler*, 34 N. Y., 30–73 ; *N. R. Bk.* v. *Aymar*, 3
Hill, 262 ; *F. & M. Bk.* v. *Butchers' Bk.*, 16 N. Y., 125 ;
*Bodine* v. *Killeen*, 53 id., 93 ; *Foster & Persch*, 4 N. Y.
Wkly. Dig., 134.)   Defendant, although a married woman,
had power to perform all the acts delegated to her husband,
as her agent.   (*Frecking* v. *Rolland*, 53 N. Y., 422 ; *Bodine*
v. *Killeen*, id., 93 ; *Quas. Natl. Bk.* v. *Waddell*, 1 Hun, 125 ;
*Baum* v. *Mullen*, 47 N. Y., 577 ; *Sherman* v. *Elder*, 24 id.,
581 ; *Ainsley* v. *Mead*, 3 Lans. 116 ; *Merchant* v. *Brunell*,
3 Keyes, 539.)   The law will presume that the money was
borrowed for the benefit of defendant's separate estate, and
for use in her private business.   (*McVey* v. *Cantrell*, 5 N. Y.
Wkly Dig., 105 ; *Corn Ex. Ins. Co.* v. *Babcock*, 42 N. Y.,
631 ; *N. Am. Coal Co.* v. *Dyett*, 20 Wend., 570 ; *Barnett*
v. *Lichenstein*, 39 Barb., 194; *Yale* v. *Dederer*, 22 N. Y., 450;
*Owen* v. *Cawley*, 56 id., 600 ; *Ballin* v. *Dillaye*, 37 id., 35 ;
*White* v. *McNett*, 33 id., 371.)

ALLEN, J.   The *onus* was upon the plaintiffs to show :
First.  That the drawing of the check by the agent was
within the power delegated to him by the defendant; and,
Second.  That it was in a transaction and for a consideratior

in respect of which the disabilities of the defendant as a *feme covert* were removed, and she at liberty to contract and assume liabilities as if she were *feme sole*. There was no evidence that the husband of the defendant had assumed to act or had acted with the knowledge of the defendant without or beyond the scope of the written power of attorney, so that no question can arise as to the extent of his powers. The real and apparent power being the same, it must be determined by the instrument by which it was conferred. The attorney was authorized "to make, sign, indorse, and accept all checks, notes, drafts, and bills of exchange for" the defendant, and in her name, and the power of attorney was deposited with the bank in which she kept an account, as its authority to accept the signatures and indorsements of the agent in the name of the principal in all matters mentioned in the instrument.

All the acts authorized *ex vi termini* necessarily had respect to the separate estate and property of the defendant, as to which she had the statutory ability to contract. She could not delegate power beyond this, or authorize another to do that for her, which she could not do in person. The power granted was to deal with the moneys and choses in action, parts of the separate estate of the defendant, and not to create a debt, or charge the separate estate for a debt, although contracted for the benefit of the estate. The bank was not authorized to pay a check if the defendant was without funds to meet it; and had it done so, the separate estate of the defendant would not have been charged with its payment. The plaintiffs were bound to know: First. The legal capacity of the defendant to contract; and, Second. The actual authority of the agent with whom they dealt. (*North River Bank* v. *Aymar*, 3 Hill, 262.) The agent did not by the check transfer, or assume to transfer, or act in respect to funds and moneys on hand, and subject to draft as a part of the separate estate of the defendant. The effect of the transaction, if legitimate and obligatory, was to contract a debt payable in the future, and charge the same upon the sepa-

rate estate of the defendant, which was not within the terms of the authority. But had the defendant in person drawn and delivered the check to the plaintiffs upon the same consideration, it could not have been charged upon her separate estate without proof that the debt was contracted for the benefit of her estate. In *McVey* v. *Cantrell* (70 N. Y., 295), recently decided, the declaration of the defendant at the time of borrowing the money that she wanted it to pay interest due upon a mortgage upon her land, was held sufficient evidence that the debt was contracted for the benefit of her estate.

A married woman may be estopped by her acts and declarations in all matters in respect of which she is capable of acting *sui juris*. (*Bodine* v. *Killeen*, 53 N. Y., 93.)

The common-law disabilities of married women are so far removed by statute in this State, that they may make contracts and create debts in or about any trade or business carried on by them or relating to or for the benefit of their separate estate. Upon contracts thus made, and for debts thus created, their separate estate is chargeable by law. They may also create an express charge upon their estates upon and for other contracts and debts, or as security for others; but it must be created in terms and by writing. (*Manhattan B. & M. Co.* v. *Thompson*, 58 N. Y., 80; *Corn Ex. Bank* v. *Babcock*, 42 N. Y., 614.) There is no charge upon the estate of the defendant created by the terms of the check. It is in the ordinary form of a draft upon a banker, and only imports the ordinary obligations of that class of commercial instruments. The defendant was not carrying on a trade or business. The management of her landed property, the receipt of the rents and income and disposing of them, was not a trade or business within the meaning of the statute enabling married women to carry on a trade or business. That statute has respect to business pursuits, mechanical, manufacturing, or commercial. The care and supervision of lands and property owned by a *feme covert* is not the carrying on of a separate trade or business. If it were so, every mar-

ried woman who owns a house and garden, or has a deposit in a savings bank, would be a tradeswoman carrying on a business.

There is no evidence that the check related to, or was given for the benefit of, the defendant or her separate estate, or in her business, or that the plaintiffs supposed it was so given. Upon the face of the transaction, it was given for money loaned to the husband. The plaintiffs gave their check, payable at sight to the order of the husband, and received for it the check in suit, payable several days in the future. If we were at liberty to assume, without proof, the principal and main fact necessary to maintain the action, we could affirm the judgment. But the affirmative upon this, as upon every material issue, and as to every fact necessary to be established, was with the plaintiffs. The referee has not found this fact, and could not have found it upon the evidence. The plaintiffs, suing a married woman, were bound to prove every fact; not only the contract, and that it was made by her or by her authorized agent, but that it was a contract she was capable of making. The law does not authorize the presumption, and courts cannot assume, without evidence, that a simple contract, without anything on its face to indicate the fact, was made for the benefit of the estate of a married woman. The disabilities of a married woman are general, and exist at common law. The capabilities are created by statute, and are few in number, and exceptional. It is for him who asserts the validity of a contract of a *feme covert* by evidence, to bring it within the exceptions.

The judgment must be reversed, and a new trial granted.

All concur, except RAPALLO, J. not voting, and FOLGER and MILLER, JJ., absent.

Judgment reversed.