MARY W. SMITH, PLAINTIFF, *v.* EVALYN KENNEDY, DEFENDANT.

*Married woman — liability of, on note, when her husband has entire control of her business.*

This action was brought to recover the amount of a promissory note made by the defendant, a married woman, who owned a farm of 330 acres, on which she lived with her husband. He had no property, but carried on the farm for her and bought and sold whatever he pleased, using her money by her consent. Every thing he bought became hers. The proceeds of the note, as soon as received, were given by her to her husband, and were not used by him for plaintiff's benefit or that of her separate estate.

*Held,* that the defendant was engaged in carrying on the business of farming through her husband, acting as her agent, and that she was liable for the amount of the note.

MOTION for a new trial on a case and exception ordered to be heard in the first instance at the General Term, after a verdict directed in favor of the plaintiff.

This action was brought upon a promissory note made by defendant, payable to Mary W. Smith or bearer, for $500, with use, and dated on the 4th day of July, 1865, payable one day after date. The defense, among other things, was that the defendant at the time of the execution and delivery of the note was a married woman, and that the note was executed and delivered for money loaned to her husband, George W. Kennedy, and was not given for the benefit of her separate estate. The defendant received the money and gave her note for it. She immediately gave the money to her husband, who testified that none of it was used for defendant's benefit or for the benefit of her separate estate. At the close of the evidence the defendant made a motion for a nonsuit, which motion was denied, and defendant duly excepted. The defendant then requested the court to direct a verdict for the defendant, which was refused, and defendant excepted.

The plaintiff's counsel requested the court to direct a verdict for the plaintiff and against the defendant for the amount of the note and interest and costs, on the ground that the money being delivered to defendant, and she executing the note, was evidence that the

money was obtained for the benefit of her separate estate, and thereupon the court directed a verdict in favor of the plaintiff and against the defendant for $652.80, to which decision and direction thus made defendant duly excepted.

*Waters & Knox,* for the plaintiff.

*H. C. Miner,* for the defendant.

LEARNED, P. J.:

On the trial of this case the counsel of each party thought there was no question for the jury and the court directed a verdict for the plaintiff.

The defendant was a married woman and owned a farm. Her husband did not own a dollar; but he carried on the farm and dealt with it by her permission, as he chose. When he bought any property he bought it for her. If he wanted to sell any thing he sold it; and he used this defendant's money, by her consent, as he pleased. The farm was one of 330 acres, and there were, at the time of the transaction, sixty cows on it. Whatever the husband bought on the farm was the wife's property; and his creditors could not find any property of his.

This, then, is a case where a married woman was carrying on the business of farming through her husband as her agent. He was none the less her agent because she seems to have given him unlimited power and authority to do as he pleased. The avails of the business were hers, although she choose to give them to him. In *Nash* v. *Mitchell* (MSS., decided November 13, 1877) the Court of Appeals held that the management by a married woman of her landed property, the receipt of the rents and income and the disposing of them was not a trade or business within the meaning of the statute. But in the present case the defendant actually carried on the business of farming and was not merely in receipt of rents.

She borrowed this money in her own name and received it herself. She then handed it over to her husband who was carrying on the farm. It thus became part of the property employed in that business. The fact that the husband wasted or misused it does not alter the liability of the wife who borrowed it.

The very money borrowed became a part of her separate estate

by the act of borrowing, and the promise to repay it related to her separate estate. Her husband was not liable; and it would be utterly unrighteous if she should be permitted to cheat the plaintiff out of this money. (*Bodine* v. *Killeen*, 53 N. Y., 93.)

The motion for new trial should be denied and judgment ordered on the verdict, with costs.

BOARDMAN, J. :

The case of *Bodine* v. *Killeen* (53 N. Y., 93) seems to me to sustain the foregoing views and conclusion.

Present — LEARNED, P. J., BOARDMAN and SAWYER, JJ.

New trial denied and judgment ordered for plaintiff on verdict, with costs.