LEANDER W. KAUFMAN, AS EXECUTOR OF MARY J. KAUFMAN, DECEASED, APPELLANT, *v.* FRANCIS A. SCHOEFFEL, AS SHERIFF, ETC., RESPONDENT.

*Married woman — she cannot carry on business as a partner with her husband.*

The statutes of this State enabling a married women to enter into contracts and to carry on any trade or business, and perform any labor or services on her sole and separate account, do not authorize or empower her to enter into a copartnership with her husband for the purpose of carrying on a trade or business.

APPEAL from a judgment, entered upon a nonsuit at the Monroe Circuit, and from an order denying a motion for a new trial made upon the minutes of the court.

*George G. Forsyth*, for the appellant.

*Henry G. Danforth*, for the respondent.

HAIGHT, J. :

This action was brought by the plaintiff, as executor, etc., to recover for the conversion of certain personal property alleged to belong to the estate of Mary J. Kaufman, deceased. The defense was that the taking complained of was under an execution issued on a judgment in which the plaintiff, individually, was judgment debtor, and that Mary C. Kaufman was his wife, and that they were engaged in business as copartners; that the property taken was copartnership property, and that on her death the same passed to him, as survivor, and that consequently he could not maintain the action as executor. Upon the close of the plaintiff's evidence the court held that the evidence established that they were copartners and that the property was copartnership property, and that the defendant's motion for a nonsuit should be granted

The question thus presented is as to whether or not a husband and wife can legally enter into a business copartnership. This question has recently received consideration in the case of *Fairlee* v. *Bloomingdale* (67 How., 292), in which it was held that such copartnership is not authorized by the statute, and that the common-law disability of husband and wife to so contract together still exists. It was again considered in the case of *Graff* v. *Kinney* (1

How. [N. S.], 59), in which the opposite result was reached. And, again, in the case of *Noel* v. *Kinney* (31 Alb. L. J., 328), in which the decision in the case of *Graff* v. *Kinney* was criticised and disagreed with, and the decision in the former case concurred in. So far as we have been able to discover, the precise question has not been passed upon in the General Term or the Court of Appeals.

In the case of *Nash* v. *Mitchell* (71 N. Y., 199, 204), ALLEN, J., in delivering the opinion of the court, says: "The disabilities of a married woman are general and exist at common law; the capabilities are created by statute and are few in number and exceptional. It is for him who asserts the validity of a contract of a *feme covert*, by evidence to bring it within the exceptions." In the case of *Bertles* v. *Nunan* (92 N. Y., 152, 160), EARL, J., in delivering the opinion of the court, says: "The common-law incidents of marriage are swept away only by express enactments. The ability of the wife to make contracts is limited. Her general engagements are absolutely void, and she can bind herself by contract only as she is expressly authorized to do so by statute. A husband still has his common-law right of tenancy by the curtesy," * * * and "that the common-law disability of husband and wife, growing out of their unity of person to convey to each other still existed. It is believed also that the common-law rule as to the liability of the husband for the torts and crimes of his wife are still substantially in force." In this case it was held that under a conveyance to a husband and wife jointly, they take not as tenants in common, or joint tenants, but as tenants by the entirety, and upon the death of either the survivor takes the whole estate. In the case of *Coleman* v. *Burr* (93 N. Y., 17), it was held that the statute authorizing a married woman to carry on a trade or business and to perform any labor or services on her sole and separate account, did not absolve her from the duty to render to her husband such services in his household as are commonly expected of a married woman in her station in life. In the case of *Johnson* v. *Rogers* (35 Hun, 267; 20 Weekly Digest, 568), this court has held that a deed made by a husband to his wife directly, for a mere nominal consideration, passes no legal title.

At common law, by reason of the unity of husband and wife, they cannot contract together a business copartnership. This dis-

ability still continues unless it has been changed by the statute. The question, therefore, becomes one of construction of the statutes. And in such construction we must not forget the rule that statutes in derogation of the common law must be strictly construed. The statute in question is as follows : " A married woman may bargain, sell, assign and transfer her separate personal property, and carry on any trade or business, and perform any labor or services on her sole and separate account, and the earnings of any married woman from her trade, business, labor or services, shall be her sole and separate property and may be used or invested by her in her own name." (Sec. 2, chap. 90, Laws of 1860.) It is claimed that the phrase " on her sole and separate account," does not limit or qualify the words " trade or business," and that this is apparent from the punctuation of the sentence. This, however, does not appear to us to be the construction of the section intended. In construing statutes it is not a safe rule to place too much reliance upon the punctuation. The words "trade or business," are connected with the words " labor and services " by the conjunction " and," and it appears to us that the phrase " on her sole and separate account " refers back and qualifies the words " trade or business," as well as the words "labor or services." It reads, " a married woman may carry on any trade or business and perform any labor or services on her sole and separate account." In other words, a married woman may carry on any trade or business on her sole and separate account. That this is the meaning intended would seem to follow from that which precedes and follows the sentence. The section preceding the one under consideration provides that the property which a married woman acquires " by her trade, business, labor or services, *carried on or performed on her sole and separate account,*" etc., shall be and remain her sole and separate property. The phrase " on her sole and separate account," in this section, unquestionably refers back and limits or qualifies the words, " trade, business, labor or services," and this is evident from the phrase " carried on or performed." The words " carried on " refer to her trade or business, and the word " perform " to her labor or services. To the same effect is the concluding portion of the sentence which follows that under consideration.

If we are correct in this reading of the section, it follows that a

married woman cannot enter into a copartnership with her husband and carry on a trade or business.

Again, it is argued that it has been held that a married woman may engage in a copartnership business with a person other than her husband, and that this construction of the section would be in conflict with such decisions. This, we do not think, would neces-sarily follow. The married woman was disqualified from engaging in business by reason of the existence of her husband. By her marriage her person was united with that of her husband, and they thereafter were regarded in law as one person. She could not contract separate and distinct from him. As soon as the husband died her disability was removed. In using the words, " sole and separate," in the statute under consideration, the legislature doubtless had in mind the husband, and these words were doubtless intended to refer to him and to him only. The legislature, by chapter 381 of the Laws of 1884, has now removed the disability of a married woman to contract, and she may now contract to the same extent and with like effect and in the same form as if unmarried; but it is expressly enacted that this act shall not affect or apply to any contract that shall be made between husband and wife, thus recognizing and continuing the construction that we have given.

On the trial, the plaintiff was sworn as a witness in his own behalf and gave evidence as to the articles taken, their value, etc. On the cross-examination by the defendant, he testified that Mary J. Kaufman and himself were members of the firm, and that the goods were a part of the stock in trade. On the redirect-examination he was asked the following question : " You say you were a member of the firm : state what the agreement was between you and your wife in relation to your becoming a member of the firm ? " This was objected to, and the plaintiff's counsel offered to show the relation existing between Mary J. Kaufman and the witness at the time his name was used in the firm, based upon an agreement made at that time between them, in substance as follows : that Mary J. Kaufman requested the witness to permit her to use his name as the company, and agreed to remunerate him for its use ; that he was not to become a copartner as between themselves, or have any interest in the copartnership property. This was objected to, and the objection sustained, and exception taken by the plain-

tiff's counsel. We are of the opinion that this was error. The evidence offered was proper in rebuttal, as tending to explain or disprove that drawn out upon the cross-examination. The plaintiff had the right to show that the agreement actually made between the witness and Mary J. Kaufman did not, in law, constitute a copartnership.

Judgment reversed, and a new trial ordered, with costs to abide the event.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Judgment and order reversed, and a new trial ordered, with costs to abide the event.