BABIN v. ENSLEY.

(Supreme Court, Appellate Division, Second Department.  February 19, 1897.)

1. JUSTICE—RESERVATION OF DECISION—FINAL SUBMISSION.
    Under Code Civ. Proc. § 3015, requiring a justice to render judgment within four days after the cause has been finally submitted, if a justice reserves his decision to enable the parties to file briefs, the cause is not finally submitted to him until the briefs are filed.

2. SUMMARY PROCEEDINGS—WARRANT—SURPLUSAGE.
    A warrant otherwise good under Code Civ. Proc. § 2251, providing that it shall command the officer to remove all persons from the premises, and put the petitioner in possession, is not affected by a recital that a person named was in possession.

3. RENTAL AGENT—APPARENT AUTHORITY.
    One held out as having authority to rent premises without limit as to time may bind his principal by a lease for a year.

4. EVIDENCE—CONVERSATIONS OF THIRD PERSONS.
    Conversations between plaintiff's agent and another in defendant's absence, and a letter communicating the same to plaintiff, are not admissible to prove the terms of a letting by the agent to defendant.

Appeal from Kings county court.

Summary proceeding by Hattie Babin against Mrs. Edwin E. Ensley to remove defendant from demised premises.  From a judgment of the county court reversing a judgment and order made by a justice, the landlord appeals.  Affirmed.

In 1895, Hattie Babin was the owner of the premises No. 249 Hewes street, Brooklyn, N. Y.  In August, 1895, the house being vacant, Hattie Babin employed one Emanual Macclinchey, a real-estate agent, as her agent to rent the said premises.  Thereafter, and on or about the 6th of November, 1895, Macclinchey rented the said premises to the defendant in this action, but whether the term of the letting was for one year or from month to month was in issue.  After defendant had taken possession, Hattie Babin, claiming the defendant was a tenant from month to month, caused a notice to be served upon the defendant requiring her to surrender possession of the said premises; and thereafter, and on or about the

27th of April, 1896, a final order was made upon the precept, awarding possession of the premises to the said Hattie Babin.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

S. M. & D. E. Meeker, for appellant.
Herman H. Baker, for respondent.

HATCH, J. The unquestionable right exists to maintain this proceeding against the defendant. The contest before the justice related to the term for which the premises were demised. Upon this point the testimony was quite conflicting, and the determination of that question by the justice had evidence for its support; and, had no error occurred upon the trial, his judgment based thereon would have been sustained. The reservation of decision by the justice to enable the parties to file briefs did not have the effect of ousting him of jurisdiction. The cause was not before him for decision until the briefs were handed in. It was at that time that the case was submitted to him for decision, and he decided it the next day, which brought the determination within the prescribed time. Code Civ. Proc. § 3015. Assuming that the question could be raised by appeal, there was no defect in the warrant of removal. The Code of Civil Procedure (section 2251) provides that the warrant shall be issued under the hand of the justice, directed to the sheriff of the county, or to any constable or marshal of the city where the property or a portion of it is situate, commanding such officer to remove all persons therefrom, and put the petitioner into full possession thereof. The warrant in this case answered all of these requirements, and the fact that in the recital in the warrant Edwin E. Ensley is stated as being the person in possession could in no wise affect it, as all the essential requisites of a perfect warrant remained with this rejected. It was not matter that was required. Macclinchey was employed by the plaintiff to rent these premises, and, if we assume that he was only actually authorized to rent them by the month, such fact would not be conclusive upon the defendant. As to her, he was held out as having authority to rent the premises without limit as to time, in consequence of which she could make a valid agreement with him for the occupation of the premises for a year, and such agreement would become binding upon the plaintiff. Walsh v. Insurance Co., 73 N. Y. 5. No right, therefore, rested in the plaintiff to defeat the term for which defendant actually stipulated, and under which she entered and occupied, even though the agent's actual authority was limited to a monthly renting. The case, therefore, rested upon what the agreement was; and, as upon this point there was a sharp conflict in the testimony, defendant's rights could not be prejudiced by the reception of improper evidence which had a material bearing upon the issue. At the time when the premises were leased, the plaintiff was in England. Upon the trial her sister was called as a witness, and permitted to testify to a conversation between herself and the agent, in the absence of the defendant, in which they dis-

cussed the advisability of renting the premises, and in which the agent stated that he had two applications to rent for $35 a month, that he could not get $40, and that he advised taking the former for the winter months. The sister thereupon communicated this conversation to the plaintiff by letter, and the letter itself was produced and introduced in evidence. The defendant objected to the conversation and the letter. The objections were overruled, and the evidence was received. This testimony was clearly inadmissible, and tended to the prejudice of the defendant. Its purpose was to show that the plaintiff only intended to allow a monthly renting. But this could not affect the defendant. She had no notice of it, was not present, and there was nothing in the attitude occupied by the agent to lead her to suppose that there was any limitation upon his right to rent for the year. The evidence also had a tendency to support the testimony of the agent, to the effect that he only rented the premises to the defendant by the month, as it authorized the inference that he would not exceed his authority in dealing with the property. The testimony was in no sense binding upon the defendant, and she could not be affected thereby. In no view can this ruling be sustained.

The judgment of the county court should therefore be affirmed, with costs. All concur.