## JOHNSON v. EHRMAN BREWING CO.

(Supreme Court, Appellate Division, Third Department. November 13, 1901.)

HUSBAND AND WIFE—WIFE'S SEPARATE ESTATE—LEASES BY HUSBAND—ESTOPPEL.

Where a husband leases premises for his wife for a year, and collects the rents, and after the expiration of the term makes a new lease from month to month, on the lessee quitting the premises after a three months occupancy under the new lease the wife cannot recover rent for the balance of the year on the ground that the husband was without authority to make the second lease; she being estopped by her acts from denying such authority.

Appeal from trial term, Chemung county.

Action by Rosalia John against the Ehrman Brewing Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

E. C. Aiken, for appellant.
Frank C. Ogden, for respondent.

EDWARDS, J. The undisputed facts in this case are that on April 14, 1898, the plaintiff leased to the defendant certain premises in Elmira, N. Y., for one year from May 1, 1898, at $15 a month, payable monthly in advance. All the negotiations were made by the defendant with the plaintiff's husband, who, by the authority of the plaintiff, signed the lease in the plaintiff's name. The rent was paid monthly by the defendant to the plaintiff's husband, who paid the same to the plaintiff. In the month of April, 1899, before the lease expired, the defendant stated to the plaintiff's husband that the defendant had decided to discontinue the business of its agency in Elmira, and that after the expiration of the lease it would rent the premises from month to month so long as it stayed. To this the husband consented, and the defendant continued in possession, paid the rent for the months of May, June, and July to the husband, who paid it to his wife; and on July 8, 1899, the defendant quit the premises and removed its property therefrom. The plaintiff testified that she never directed her husband to make a new contract, and did not know that there had been any modification. Her husband was dead when she commenced the action. The action was brought to recover for nine months' rent from August 1, 1899, and the jury rendered a verdict for the plaintiff.

I think the court erred in denying the request of the defendant's counsel, made at the close of the testimony, that the court direct a verdict for the defendant. The plaintiff having clothed her husband with authority to lease the premises and to collect the rent therefor, the defendant had a right, in the absence of any notice of revocation of such authority, to presume that the agency continued and extended to the making of the new lease. She is estopped from denying that the authority on which she induced the defendant to act was real authority. Bodine v. Killeen, 53 N. Y. 93; Dillaye v. Beer, 3 Thomp. & C. 218; Babin v. Ensley, 14 App. Div. 548, 43 N. Y. Supp. 849; Cosmopolitan Range Co. v. Midland R. Terminal Co., 44 App. Div. 467, 60 N. Y. Supp. 973.

The judgment and order should be reversed, and a new trial granted, with costs. All concur.