sureties was sufficient, and the statute requires but one. The words "or more" are inserted to enable a defendant to furnish more than one surety where he is unable to procure one who can qualify alone in the amount required. The undertaking was clearly sufficient so far as the sureties are concerned. The justice did not fix the sum as required, but the undertaking was abundantly good in an amount twice the value of the property. The surety which the plaintiff admits was sufficient testified to equities amounting to $9,000 in the real estate, 968 Bedford avenue and 219–221 Skillway street. The other surety testified that he was free from debt, and that he owned stocks of goods, worth several thousand dollars, in various stores, which he specifically designated, giving the amount in each, and also that he had $500 on deposit in the Bowery Savings Bank. There was nothing in opposition to the oaths of these sureties. If there was any other defect in the undertaking, it is not apparent, and has not been suggested on this appeal.

No authority is cited for the respondent's proposition that the only remedy is to mandamus the justice. The provision requiring him to make the order of removal is mandatory, and the inquest was without jurisdiction. Tuttle v. Galligan, 23 Misc. Rep. 457, 51 N. Y. S. 359; O'Connor v. Moschowitz, 48 How. Prac. 451.

Assuming the right of the justice to pass on the sufficiency of the sureties, which right the statute does not confer, his action must be judicial, and not arbitrary or capricious; and when, as in this case, it is concededly erroneous, it must be subject to review. Judgment reversed, with costs, and cause remitted to court below for action upon defendant's motion for removal.

Judgment reversed, with costs, and cause remitted to court below.

---

(25 Misc. Rep. 198.)

WARD et al. v. AMERICAN SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Term. November 10, 1898.)

MUNICIPAL COURTS—JURISDICTION.

Under Greater New York Charter, § 1364, subds. 1, 4, 5, limiting the jurisdiction of municipal courts to actions for breach of contract, on bonds for payment of money, and on surety bonds or undertakings taken in the municipal or district court in New York or before a justice of the peace, such courts have no jurisdiction in actions on attachment bonds taken in the supreme court, conditioned to pay costs and damages sustained by wrongful attachment, since they are not for the payment of money.

Appeal from municipal court, borough of Manhattan, First district.

Action by T. E. Ward & Co. against the American Surety Company of New York. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

George F. Langbein and Eliot Norton, for appellant.
Charles C. Leeds, for respondent.

GIEGERICH, J.   This action was brought upon two undertakings executed by the appellant to secure the issuance of warrants of attachment in an action in the supreme court, brought by one Brainard W. Barrows against the respondent herein.   The first undertaking is dated the 24th day of December, 1897, and the other the 28th day of January, 1898, and both are conditioned: "If the defendant recover judgment in this action, or if the warrant of attachment is vacated, the plaintiff will pay all costs which may be awarded to the defendant, and all damages which the defendant may sustain by reason of said attachment, not exceeding the sum of two hundred and fifty dollars."   While a motion to vacate the first attachment was pending, a new warrant of attachment was obtained upon an amended complaint and affidavit, verified by Burrows, the plaintiff in that action, and the second undertaking was then executed by the appellant, and delivered.   Both attachments having subsequently been vacated, a demand for costs and damages was made upon Burrows and the appellant, and, payment being refused, the respondent brought this action.   At the commencement of the trial the appellant moved to dismiss the complaint upon the ground that the municipal court of the city of New York had no jurisdiction of the subject or subjects of the action and of the alleged causes set forth in the complaint.   The motion was denied, and the appellant noted an exception.   This brings up for review the question whether the court below had jurisdiction of the subject of the action.

The Greater New York charter (section 1364) enumerates the cases in which the court above mentioned has civil jurisdiction. Such provisions were compiled from section 1285 of the consolidation act (Laws 1882, c. 410), and section 2862 of the Code of Civil Procedure.   The last-mentioned enactments were taken from sections 53 and 54 of the Code of Procedure and chapter 344 of the Laws of 1857.   The only parts of the above-mentioned section of the Greater New York charter which, to my mind, have any bearing upon the question, are subdivisions 1, 4, and 5, and these relate to the following subjects:

"(1) An action to recover damages upon or for breach of contract, express or implied, other than a promise to marry, where the sum claimed does not exceed five hundred dollars."

"(4) An action upon a bond conditioned for the payment of money where the sum claimed to be due does not exceed five hundred dollars the judgment to be rendered for the sum actually due.   Where the sum secured by the bond is to be paid in instalments an action may be brought for each instalment as it becomes due.

"(5) An action upon a surety bond or undertaking taken in said court or in any district court in the city of New York or by any justice of the peace."

It is insisted by the respondent that subdivision 1 is broad enough to cover the undertakings given in this case, but, in my opinion, subdivisions 4 and 5, referred to, limit the jurisdiction of the said municipal court to actions upon bonds or undertakings conditioned for the payment of money, and surety bonds or undertakings taken in one of the courts specified in subdivision 5.   By enumerating the class of bonds or undertakings upon which an action

may be brought in the above-named court, the legislature necessarily intended to exclude all others, and hence the provisions last cited must be regarded as importing a limitation upon the meaning of subdivision 1, supra.     Smith v. White, 2 Daly, 72; O'Sullivan v. Reitmeyer, 9 Wkly. Dig. 39; Lambert v. Hoffman (App. Term; decided October 5, 1898) 53 N. Y. Supp. 962.     The case of Smith v. White, supra, is an adjudication bearing directly upon the point under consideration.     There the action was brought in one of the district courts of the city of New York against a surety on a bond given in proceedings supplementary to execution had in the supreme court for the appearance of a judgment debtor attached for contempt, and Brady, J., in delivering the opinion of the court, says (page 75):

"The district courts were not invested with jurisdiction upon bonds with conditions other than for the payment of money, excepting, however, surety bonds taken by them as provided by subdivision 6 of the fifty-third section of the Code of Procedure.  Jurisdiction, by that section, is given in a class of cases named, and no other; and the exception just mentioned shows that it was designed to limit the jurisdiction of these courts to actions on bonds for the payment of money only."

The doctrine of this case was approved and applied in O'Sullivan v. Reitmeyer, supra, where it was held, in an action commenced in a district court upon an undertaking given upon an appeal from the general term of the marine court to the court of common pleas, that the district courts had no jurisdiction of actions upon bonds other than for the payment of money, except surety bonds taken by a justice of said courts, and that the undertaking in question was of the same class as surety bonds.     Lambert v. Hoffman, supra, is analogous in principle to the case at bar.     There the action was on a judgment recovered in a court of record of another state, and we held that in enacting section 2862 of the Code of Civil Procedure the legislature specifically enumerated the various actions which may be brought in the courts therein referred to; that in this enumeration an action upon a judgment was specifically mentioned, with the limitations, however, that it must be one rendered in a court of a justice of the peace, or in a district court of the city of New York, or in a justice's court of a city, being a court not of record; that this necessarily excluded every other kind of judgment; and that, as the jurisdiction of these courts was purely statutory, they could act only in cases which came strictly within the legislative definition of their power and authority.     The respondent argues that the instruments in question were undertakings, and not bonds of the class specified in subdivision 4, and that, therefore, its provisions do not apply; but, as an undertaking is merely a simplified bond without a seal, the remedy given by statute upon a bond applies to an undertaking.     People v. Dando, 20 Abb. N. C. 245.     See Lutes v. Shelley, 40 Hun, 197.     The undertakings sued on were not instruments for the payment of money, and hence do not fall within the enumeration specifically referred to in said subdivision.     The municipal court is a court of limited jurisdiction, and therefore cannot act beyond the authority expressly conferred.     Schwartz v. Wechler,

2 Misc. Rep. 67, 20 N. Y. Supp. 861; Lambert v. Hoffman, supra. Its power, as we have seen, being limited to an action on bonds or undertakings for the payment of money and surety bonds .or undertakings given in actions brought in one of the courts mentioned in subdivision 5, the court below did not acquire jurisdiction of the subject of the action, and hence it erred in refusing to dismiss the complaint.

Entertaining these views, it follows that the judgment should be reversed, and the complaint dismissed, with costs.   All concur.