(26 Misc. Rep. 728.)

### GOLDBERG v. VICTOR et al.

#### (Supreme Court, Appellate Term.  March 24, 1899.)

1. DISCONTINUANCE—ERROR.
    Under Consolidation Act, § 1382, permitting plaintiff to discontinue at any time before final submission, it was error to refuse plaintiff's request for discontinuance while defendant was introducing his evidence.
2. SAME—WAIVER.
    Right of discontinuance was not waived by asking leave to introduce further testimony after the court's refusal to allow a discontinuance, where, on leave being granted, the request was withdrawn, and no further action taken.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Sussman Goldberg against Bessie Victor and Samuel Victor.  There was a judgment for defendants, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Abraham H. Sarasohn, for appellant.
Joseph H. Harris, for respondents.

FREEDMAN, P. J.  This action is for the alleged conversion of the sum of $140 in money, claimed to have been the property of the plaintiff, and wrongfully taken and withheld from him.  The action was tried twice, the jury upon the first trial disagreed, and a new trial was subsequently had before the court below without a jury. Upon the second trial the testimony taken upon the first trial was read by the consent of the parties, and new testimony was also introduced.  The testimony was very conflicting.  Near the close of the testimony in the case, the defendants' attorney went upon the stand as a witness for the defendants, and, while he was giving his testimony in chief, the plaintiff's counsel asked leave of the court to discontinue the action.  The witness (defendants' counsel) objected, and the court refused to allow the action to be discontinued, to

which refusal the plaintiff's attorney duly excepted. The witness then proceeded with his testimony. No cross-examination was had, and no further proceedings were taken by plaintiff or his counsel, except that the plaintiff's counsel asked leave to introduce further testimony, which request, having been granted by the court, was immediately withdrawn by the counsel for the plaintiff, and, the testimony having been closed, judgment was rendered for the defendants.

The refusal of the request of the plaintiff to be allowed to discontinue his action constituted error. Such a discontinuance can be had at any time before the case is finally submitted. Consolidation Act, § 1382. It has been held that the plaintiff may elect to be nonsuited before the coming in of the verdict (Peters v. Diossy, 3 E. D. Smith, 115; Langbein, Law & Prac. 336, and cases cited), and that the plaintiff, before the action is finally submitted, has a right to discontinue it, and that it is then the duty of the justice to give judgment dismissing the action, with costs, and without prejudice to a new action, notwithstanding the defendant had interposed a counterclaim. (Bidwell v. Weeks, 2 Hilt. 106). In the case at bar, the plaintiff sought to avail himself of his statutory right, and he subsequently did nothing from which it can be said that he waived the right claimed by him.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.