### ROTHENBERG v. FILARSKY et al.

(Supreme Court, Appellate Term. February 23, 1900.)

1. VOLUNTARY DISMISSAL—RIGHT.

Under Consol. Act, § 1382, giving plaintiff the right to voluntarily discontinue his action before it is finally submitted, the denial of plaintiff's motion for a discontinuance, made after he has rested and one of the defendants has testified, is reversible error.

2. SAME—WAIVER.

Plaintiff does not waive his right to a discontinuance by cross-examining defendant's witness called after the denial of a motion for discontinuance, and by submitting the case at the close of the testimony without renewing his motion.

Appeal from municipal court, borough of Manhattan.

Action by Jacob Rothenberg against Samuel Filarsky and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

A. H. Sarasohn, for appellant.

John Bogart, for respondents.

GIEGERICH, J. The action is to recover damages for the conversion of personal property. The pleadings are in writing. The defendants answered separately, but the answers are similar in all respects, each denying every allegation of the complaint. At the trial, after the plaintiff had rested, and the testimony of the defendant Samuel Filarsky had been taken in behalf of the defendants, the plaintiff moved to discontinue the action, which application was refused upon the defendants' objection, and the plaintiff excepted. Under the authorities, such refusal constituted reversible error. Section 1382 of the consolidation act, which applies to the municipal court of the city of New York (see Langbein, Munic. Ct. Prac. p. 346), provides, among other things, that judgment that the action be dismissed, with costs, without prejudice to a new action, shall be rendered where the plaintiff voluntarily discontinues the action before it is finally submitted. Such provision was compiled from section 45 of the district court act (Laws 1857, c. 344).

In Ludlow v. Carman, 2 Hilt. 107, which arose under the last-men-

tioned enactment, the court, speaking through Hilton, J., said (page 107):

"The plaintiff, at any time before the action was finally submitted, had a right to discontinue it; and in such a case it was the duty of the justice to give judgment dismissing the action with costs, and without prejudice to a new action."

The court, in Goldberg v. Victor, 26 Misc. Rep. 728, 56 N. Y. Supp. 1044, Freedman, P. J., giving the opinion, came to the same conclusion respecting the provisions first above cited by holding that the refusal of the plaintiff's request for a discontinuance of the action constituted error, and that "such a discontinuance can be had at any time before the case is finally submitted."

It is urged, however, that the plaintiff waived the right to discontinue the action by cross-examining one of the two witnesses called subsequent to the refusal of the application therefor, and by the submission of the case upon the close of the testimony without renewing such motion. Great stress is laid upon that portion of the opinion in the last-cited case which reads:

"In the case at bar the plaintiff sought to avail himself of his statutory right, and he subsequently did nothing from which it can be said that he waived the right claimed by him."

There an application to discontinue the action was made by the plaintiff near the close of the testimony, and while the defendant's attorney's examination in chief was unfinished. Upon the defendant's objection, such leave was refused, and the plaintiff noted an exception. The witness then proceeded with his testimony, but he was not cross-examined, nor were any further proceedings taken by the plaintiff, except that he asked leave to introduce further testimony, which request was immediately withdrawn when granted, and, the testimony being closed, judgment was rendered for the defendant. In the case at bar the plaintiff did not offer any additional proof after the refusal of such application, but, it is true, as claimed by the defendants, he did cross-examine one of the witnesses subsequently called by them. There was nothing, to my mind, in the conduct of the plaintiff or his counsel, subsequent to the denial of the motion to discontinue the action, from which a waiver of the exception taken to such ruling might be fairly implied. Certainly the cross-examination of witnesses called by the other side cannot be justly claimed to have that effect. It was the duty of the counsel for the plaintiff to protect his client's interests from the beginning to the end of the trial, but, in order to do so, he was not required to abandon the prosecution of the case, and to depart from the court room, the moment leave to discontinue the action was refused. The orderly disposition of business, to say nothing of the respect owed to the court, and a due sense of propriety, must obviously discourage such conduct. Moreover, the waiver, by implication, of an exception taken during the progress of a trial is not favored by the courts of this state. Thus, if the adverse party draws out illegal evidence upon a direct examination or upon cross examination, under objection and exception duly taken, the exception will not be waived by re-examining or cross-examining the witnesses as to the same matter

(Baylies, Trial Prac. [2d Ed.] p. 292); nor does a party waive his objection and exception to the admission of incompetent evidence by attempting to disprove the matters testified to, or to prove facts inconsistent with them (Martin v. Railroad Co., 103 N. Y. 626, 9 N. E. 505; Baylies, Trial Prac. [2d Ed.] p. 292). The failure to renew the application when the proofs were all in did not, in my opinion, operate as an abandonment or waiver of such motion, since in no aspect was the right to discontinue dependent upon the condition of the proof itself; nor was the matter one calling for the exercise of discretion by the court upon the record, whether complete or incomplete. It follows that the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to abide the event. All concur.