SPRINGER et al., Appellants, v. BOSSELMAN, Respondent. (Supreme Court, Appellate Term. May, 1902.) Action by Isidor Springer and another against Andreas C. Bosselman. Meighan & Necarsulmer, for appellants. J. W. Brainsby, for respondent.

PER CURIAM. The action is to recover $247.50 for goods sold and delivered. The answer is a general denial, with a counterclaim for breach of contract. The action was tried on November 4, 1901, and at the conclusion of the trial it was stipulated by counsel that the briefs might be submitted on or before November 11, 1901. Subsequently, but prior to November 11, 1901, the plaintiffs applied ex parte for leave to discontinue on the payment of costs, and afterwards moved, on notice, for an order "discontinuing and dismissing the above-entitled action, upon payment by the plaintiffs to the defendant of the statutory costs to date, but without prejudice to the bringing of a new action." This motion was noticed for November 7th. On November 11, 1901, an order was made denying the motion, and judgment was rendered in favor of the defendant, upon the counterclaim, for $270 damages and costs. From this judgment, and the order denying plaintiffs' motion to discontinue upon payment of costs, the plaintiffs appeal. The plaintiffs had a right to discontinue their action at any time before the cause was finally submitted to the justice for his judgment. Goldberg v. Victor, 26 Misc. Rep. 728, 56 N. Y. Supp. 1044. The interposition of a counterclaim by defendant does not deprive plaintiffs of this right. Bidwell v. Weeks, 2 Hilt. 106; Tubbs v. Hall, 12 Abb. Prac. (N. S.) 237. The application for leave to discontinue on payment of costs was made, as we have seen, previous to November 11, 1901, the day fixed for the filing of the briefs. Where the justice reserves his decision in order to enable the parties to file briefs, the case is not before him for decision, and the time within which he must make his decision does not begin to run until the briefs are filed. Babin v. Ensley, 14 App. Div. 548, 43 N. Y. Supp. 849. Plaintiffs' application having been made before the briefs were due, or had been filed, was well within the rule that an action in the municipal court may be voluntarily discontinued by the plaintiff at any time before the action is finally submitted, upon the payment of costs; and a refusal of the court to permit such a discontinuance is a sufficient ground for the reversal of a judgment for the defendant. Goldberg v. Victor, 26 Misc. Rep. 728, 56 N. Y. Supp. 1044. The judgment and order must be reversed, with costs, from which the costs in the court below should be deducted. Judgment and order reversed, with costs.

---

STECKLER, Respondent, v. APRIL et al., Appellants. (City Court of New York, General Term. June, 1902.) Action by David Steckler against Abram April and another. Alfred B. Jaworower, for appellants. Solomon Levi, for respondent.

SEABURY, J. This action was brought to recover on an undertaking given in the supreme court of New York county in an action in which an order of arrest was obtained. The defendants in this action were the sureties upon the undertaking then given. The order of arrest was afterwards vacated, and the defendant in that action assigned his cause of action growing out of the vacation of the order of arrest in the supreme court to the plaintiff in this action. This action was tried without a jury, and the court rendered judgment in favor of the plaintiff. The only question presented by this appeal is whether this court has jurisdiction of this action. It is true that the jurisdiction of this court is purely statutory, but the language of the statute seems to be broad enough to clothe this court with jurisdiction of an action of this nature. Section 315, subd. 1, of the Code of Civil Procedure gives this court jurisdiction of an action "wherein the complaint demands judgment for a sum of money only." Section 316, subd. 1, provides that "in an action wherein the complaint demands judgment for a sum of money only, the sum for which judgment is rendered in favor of the plaintiff cannot exceed $2,000, exclusive of interest, and costs as taxed, except where it is brought upon a bond or undertaking given in an action or special proceeding in the same court, or before a justice thereof." This last section limits the jurisdiction of the court in actions for a sum of money only to $2,000, except in certain cases therein specified. The fact that this section excepts this class of actions from the $2,000 limitation indicates that the intention of the legislature was to include in the general provision an action of this character as an action for a sum of money only; otherwise, no reason or necessity for this exception would exist. We think that the fair and reasonable construction to be placed upon these two sections, when read together, is that this court has jurisdiction of actions of this character, provided that the judgment rendered does not exceed $2,000, exclusive of interest and costs as taxed, except when it is brought upon a bond or undertaking given in this court, or before a justice thereof, in which case the limitation as to amount does not apply. The action at bar was brought to recover a sum of money less than $2,000 upon an undertaking, and the fact that the undertaking was originally given in the supreme court does not deprive this court of jurisdiction. The case of Ward & Co. v. American Surety Co., 25 Misc. Rep. 198, 54 N. Y. Supp. 177, upon which the appellants rely, is not applicable to this court. In that case the appellate term construed the language of the charter, which was exclusively applicable to the municipal courts. The judgment appealed from is affirmed, with costs. Judgment affirmed, with costs. All concur.