## NICHOLS et al. v. WILLIAMS.

(Supreme Court, Appellate Term. January 7, 1904.)

1. NEW YORK CITY—MUNICIPAL COURT—PROCEDURE—DISMISSAL OF ACTION.
   The District Court act (Laws 1857, p. 719, c. 344, § 45) provided that an action should be dismissed, with costs, where plaintiff voluntarily discontinued before final submission. This section became the consolidation act (Laws 1882, p. 353, c. 410, § 1382), and was continued in force by the

Greater New York charter (Laws 1901, p. 583, c. 466, § 1369), and has been construed as authorizing a dismissal even though defendant had filed a counterclaim. The Municipal Court act (Laws 1902, p. 1561, c. 580, § 248, subd. 1) contains identically the same provision, and, in section 362, p. 1594, provides that the act shall be construed as a continuation, so far as substantially the same, of existing laws, and not as a new enactment. *Held*, that plaintiff in Municipal Court may discontinue as of right on payment of costs, though a counterclaim is filed.

**2. SAME—SUPREME COURT PRACTICE—APPLICABILITY.**

Section 20 of the Municipal Court act (Laws 1902, p. 1496, c. 580), which provides that the provisions of the Code of Civil Procedure and the rules and regulations of the Supreme Court shall apply in the Municipal Court, where applicable and not in conflict with the provisions of the Municipal Court act, in which case such act shall govern, does not change the rule, for, if there is no such right of discontinuance in the Supreme Court, there is a conflict between its practice and that prescribed by the interpretation put on section 248 of the Municipal Court act (page 1561), and the latter must govern.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Daniel P. Nichols and others against Richard H. Williams. From a judgment of the Municipal Court for defendant on his counterclaim, and dismissing the complaint, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

George C. Coffin (Herbert Goldmark, of counsel), for appellants.
Jones Cochrane, for respondent.

GILDERSLEEVE, J. When the case came on for trial, and at the opening thereof, the plaintiffs made a motion to discontinue the action upon payment of costs, which motion the court denied, and the plaintiffs duly excepted. The plaintiffs are nonresidents of this state, and brought the action against defendant to recover on certain promissory notes made by the defendant, in a transaction in which the defendant acquired from the plaintiffs possession of a cab under circumstances which may be treated as a conditional sale. The defendant set up a counterclaim in his answer for $500.

It was the contention of the plaintiffs that they had the absolute right to discontinue the action on payment of costs, notwithstanding the counterclaim. The learned trial court took the view that the application was addressed to the discretion of the court. Could we agree with this view, we should not interfere with the discretion as exercised. There is abundant authority in support of the plaintiffs' contention, commencing with Bidwell v. Weeks, 2 Hilt. 106, where it was held that a plaintiff in a District Court has a right to discontinue his action at any time before the cause is finally submitted, even where the defendant has interposed a counterclaim and seeks affirmative relief. The above case arose under section 45 of the District Court act (Laws 1857, p. 719, c. 344). This section became section 1382 of the consolidation act (Laws 1882, p. 353, c. 410). Section 1382 of the consolidation act was continued in force by section 1369

of the Greater New York charter (Laws 1901, p. 583, c. 466), relating to the Municipal Courts. In Goldberg v. Victor, 26 Misc. Rep. 728, 56 N. Y. Supp. 1044, Mr. Justice Freedman wrote as follows:

"Such a discontinuance can be had at any time before the case is finally submitted. Section 1382, Consolidation Act. It has been held that the plaintiff may elect to be nonsuited before the coming in of the verdict (Peters v. Diossy, 3 E. D. Smith, 115; Langbein, Munic. Proc. 336, and cases cited), and that the plaintiff, before the action is finally submitted, has a right to discontinue it, and that it is then the duty of the justice to give judgment dismissing the action, with costs, and without prejudice to a new action, notwithstanding the defendant had interposed a counterclaim (Bidwell v. Weeks, 2 Hilt. 106)."

See, also, Rothenberg v. Filarsky, 30 Misc. Rep. 610, 62 N. Y. Supp. 721, and Heineman v. Van Stone, 34 Misc. Rep. 202, 68 N. Y. Supp. 803.

The new Municipal Court act (chapter 580, p. 1486, Laws 1902) worked no change in respect of the plaintiffs' right to discontinue.

Section 1382 of the consolidation act appears as section 248 of the new Municipal Court act, and subdivision 1 of the latter section, which relates to the question here discussed, is identical with subdivision 1 of the former section. Section 362 of the Municipal Court act provides as follows:

. "The provisions of this act, so far as they are substantially the same as those of laws existing prior to September 1, 1902, shall be construed as a continuation of such laws, modified or amended, according to the language employed in this act, and not as a new enactment."

That is to say, since the language of subdivision 1 of section 248 of the Municipal Court act is identical with the language of subdivision 1 of section 1382 of the consolidation act, the former is to be treated as a continuation of the latter. The cases construing subdivision 1 of section 1382 of the consolidation act would therefore govern the construction to be given to subdivision 1 of section 248 of the Municipal Court act.

Section 20 of the Municipal Court act, which reads as follows: "The provisions of the Code of Civil Procedure and rules and regulations of the Supreme Court as they may be from time to time, shall apply to the Municipal Court as far as the same can be made applicable, and are not in conflict with the provisions of this act; in case of such conflict this act shall govern"—gives no aid to the respondent's contention. If the provisions of the Code of Civil Procedure, or the rules or regulations of the Supreme Court, do not give a plaintiff an absolute right to discontinue, even though a counterclaim be interposed, then there is a conflict between such provisions, rules, and regulations, and the provisions of section 248 of the Municipal Court act, interpreted in accordance with section 362 of said act, by the decisions in the cases above cited. We are therefore bound, by the language of section 20 of the act, to follow the provisions of said act governing this case, instead of following the Code of Civil Procedure, or the rules or regulations of the Supreme Court.

We reach the conclusion that the plaintiffs had an absolute right to discontinue the action upon payment of costs, notwithstanding

defendant's counterclaim, and that the refusal of the court to allow such discontinuance was reversible error.

Judgment reversed and a new trial granted, with costs to appellants to abide the event. All concur.