DANIEL P. NICHOLS, HENRY C. SEARS and WENDELL L. NICHOLS, Appellants, v. RICHARD H. WILLIAMS, Respondent.

(Supreme Court, Appellate Term, January, 1904.)

**Municipal Court of the city of New York — Right to discontinue on payment of costs.**

A plaintiff has an absolute right to discontinue an action, brought in the Municipal Court of the city of New York, at any time before it is finally submitted upon payment of costs and this although the defendant has interposed a counterclaim.

The Municipal Court Act (L. 1902, ch. 580) has made no change in this respect.

APPEAL by the plaintiffs from a judgment of the Municipal Court of the city of New York, third district, borough of Manhattan, rendered in the defendant's favor upon his counterclaim for the sum of $530, damages and costs, and dismissing the complaint.

George C. Coffin (Herbert Goldmark, of counsel), for appellants.

Jones Cochrane, for respondent.

GILDERSLEEVE, J. When the case came on for trial, and at the opening thereof, the plaintiffs made a motion to discontinue the action upon payment of costs which motion the court denied and the plaintiffs duly excepted. The plaintiffs are nonresidents of this State, and brought the action against the defendant to recover on certain promissory notes made by the defendant, in a transaction in which the defendant acquired from the plaintiffs possession of a cab under circumstances which may be treated as a conditional sale. The defendant set up a counterclaim in his answer for $500.

It was the contention of the plaintiffs that they had the absolute right to discontinue the action on payment of costs, notwithstanding the counterclaim. The learned trial court took the view that the application was addressed to the dis-

cretion of the court. Could we agree with this view, we should not interfere with the discretion as exercised.

There is abundant authority in support of the plaintiffs' contention, commencing with Bidwell v. Weeks, 2 Hilt. 106, where it was held that a plaintiff in a District Court has a right to discontinue his action at any time before the cause is finally submitted, even where the defendant has interposed a counterclaim and seeks affirmative relief. The above case arose under section 45, District Court Act (Laws of 1857, chap. 344). This section became section 1382 of the Consolidation Act (Laws of 1882, chap. 410). Section 1382 of the Consolidation Act was continued in force by section 1369 of the Greater New York Charter, relating to the Municipal Courts. In Goldberg v. Victor, 26 Misc. Rep. 728, Mr. Justice Freedman wrote as follows: " Such a discontinuance can be had at any time before the case is finally submitted (§ 1382, Consolidation Act). It has been held that the plaintiff may elect to be nonsuited before the coming in of the verdict (Peters v. Diossy, 3 E. D. Smith 115; Langbein Munic. Prac. 336 and cases cited), and that the plaintiff, before the action is finally submitted, has a right to discontinue it, and that it is then the duty of the justice to give judgment dismissing the action, with costs, and without prejudice to a new action, notwithstanding the defendant had interposed a counterclaim (Bidwell v. Weeks, 2 Hilt. 106)." See also Rothenberg v. Filarsky, 30 Misc. Rep. 610, and Heineman v. Van Stone, 34 id. 202.

The new Municipal Court Act (Laws of 1902, chap. 580), worked no change in respect of the plaintiffs' right to discontinue. Section 1382 of the Consolidation Act appears as section 248 of the new Municipal Court Act, and subdivision 1 of the latter section which relates to the question here discussed is identical with subdivision 1 of the former section. Section 362 of the Municipal Court Act provides as follows: " The provisions of this act, so far as they are substantially the same as those of laws existing prior to September first, nineteen hundred and two, shall be construed as a continuation of such laws, modified or amended, according to the language employed in this act, and not as a new enactment."

That is to say, since the language of subdivision 1 of section 248 of the Municipal Court Act is identical with the language of subdivision 1 of section 1382 of the Consolidation Act, the former is to be treated as a continuation of the latter. The cases construing subdivision 1 of section 1382 of the Consolidation Act would, therefore, govern the construction to be given to subdivision 1 of section 248 of the Municipal Court Act.

Section 20 of the Municipal Court Act reads as follows: "The provisions of the code of civil procedure and rules and regulations of the supreme court as they may be from time to time, shall apply to the municipal court as far as the same can be made applicable, and are not in conflict with the provisions of this act; in case of such conflict this act shall govern," gives no aid to the respondent's contention.

If the provisions of the Code of Civil Procedure, or the rules or regulations of the Supreme Court, do not give a plaintiff an absolute right to discontinue, even though a counterclaim be interposed, then there is a conflict between such provisions, rules and regulations, and the provisions of section 248 of the Municipal Court Act, interpreted in accordance with section 362 of said act, by the decisions in the cases cited above. We are, therefore, bound by the language of section 20 of the act to follow the provisions of said act governing this case instead of following the Code of Civil Procedure or the rules or regulations of the Supreme Court.

We reach the conclusion that the plaintiffs had an absolute right to discontinue the action upon payment of costs, notwithstanding defendant's counterclaim, and that the refusal of the court to allow such discontinuance was reversible error.

Judgment reversed and a new trial granted with costs to appellants to abide the event.

FREEDMAN, P. J., and GREENBAUM, J., concur.

Judgment reversed and new trial granted, with costs to appellants to abide event.