HARPER MACHINERY CO. v. DONEGAN & SWIFT.

(Supreme Court, Appellate Term. April 17, 1912.)

DISMISSAL AND NONSUIT (§ 6*)—RIGHT OF PLAINTIFF TO DISMISS.

Where the defendant did not, by his answer, pray any affirmative relief, plaintiff may dismiss at the close of the testimony; the case not yet having been finally submitted to the jury.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 13, 14; Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Harper Machinery Company against Donegan & Swift. From a judgment awarding defendants affirmative relief, plaintiff appeals. Reversed and remanded.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Joseph Sapinsky, of New York City (Alvin T. Sapinsky, of counsel), for appellant.

Williams, Folsom & Strouse, of New York City (Charles MacLaren, of counsel), for respondent. ·

SEABURY, J. The complaint alleges a cause of action for the alleged breach of an express warranty. The answer was a general denial. The answer was amended upon the trial, but the amendment did not demand affirmative relief from the plaintiff in this action. Upon the close of the testimony the plaintiff made a motion to discontinue this action. Thereafter the learned court below rendered judgment in favor of the defendant and against the plaintiff for $432.13. The plaintiff had a right voluntarily to discontinue the action before it was finally submitted. Nichols v. Williams, 42 Misc. Rep. 527, 86 N. Y. Supp. 136.

The judgment is reversed, with costs to the appellant, and the complaint is dismissed, with costs of the action to the respondent, without prejudice to a new action. All concur.