### BOUTROSS v. BEILOUNEY.

(Supreme Court, Appellate Term, First Department.   May 5, 1915.)

JUDGMENT ☞144—DEFAULT JUDGMENT—VACATION—GROUNDS.
    Where plaintiff's default was due to bad advice and laxity of his original attorney, and defendant, pleading a denial and an affirmative defense and 'counterclaim, presented testimony on the inquest consisting solely of conclusions, and it was impossible to say that he had established any cause of action, a default judgment for defendant must be set aside.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 255; Dec. Dig. ☞144.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by George W. Boutross against Joseph Beilouney. From an order denying plaintiff's motion to open its default, he appeals. Reversed, default opened, judgment vacated, and new trial ordered.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Ferris, Dannenberg & Ansbacher, of New York City (Jacob Ansbacher and George A. Ferris, both of New York City, of counsel), for appellant.

John C. Judge, of Brooklyn, for respondent.

LEHMAN, J.   The plaintiff herein brought an action to recover the sum of $251.51. The defendant pleaded a denial, an affirmative defense, and a counterclaim. After various delays, apparently due to dilatoriness on the part of plaintiff or his attorney, the case was set down for trial on January 5, 1915. Some days before that date some dispute seems to have arisen between the plaintiff and his attorney in regard to the attorney's compensation, and it was agreed between them that a substitution of attorneys should be had. At that time the original attorney informed the plaintiff that he would secure an adjournment on January 5th to allow an order of substitution to be

made.   On January 5th plaintiff's attorney presented an affidavit in which he asked for such adjournment, but the adjournment was refused and an inquest taken.   Thereafter plaintiff moved, through his new attorneys, to open his default, but the motion was denied.

The request for an adjournment was not based upon any legal excuse, and the trial justice was not bound to grant any further time. The motion to open the default presented, therefore, only a question of discretion.   The practice of opening defaults upon slight excuses has produced in the courts a laxity which we have on several occasions criticized.   In view of this fact this court is not disposed to interfere with the trial justice's discretion, except in rare instances.   In this case, however, the defendant's testimony upon the inquest consists solely of conclusions, and it is impossible for us to say that defendant has really established any cause of action.   The plaintiff's default was due to bad advice and laxity on the part of his original attorney.   As a result of this advice the plaintiff has been deprived of his day in court.   The plaintiff has a right, however, to demand at least that the evidence presented in his absence shall consist of facts, and not of conclusions.   Moreover, it has been held that where a plaintiff fails to appear in the Municipal Court, or does appear and asks for a discontinuance, the court cannot proceed to take proof of counterclaim. Norris v. Bleakley, 3 Abb. Prac. 107; Nichols v. Williams, 42 Misc. Rep. 527, 86 N. Y. Supp. 136; A. M. Engel & Co. v. Davis, 81 Misc. Rep. 202, 142 N. Y. Supp. 469.

Order reversed, default opened, judgment vacated, and new trial ordered, with costs to appellant to abide the event.   All concur.