### BEABER v. YORKE.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

COURTS ⚖︎189—MUNICIPAL COURT OF NEW YORK—NONSUIT.

Under Municipal Court Act (Laws 1902, c. 580) § 248, providing that judgment of dismissal without prejudice shall be rendered, where the plaintiff voluntarily discontinues the action before it is finally submitted, it is error to refuse to allow plaintiff to discontinue, and to dismiss the complaint on the merits before the case has been finally submitted to the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⚖︎189.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Abraham Beaber against Nelle M. Yorke. From a judgment of the Municipal Court of the City of New York, dismissing complaint, plaintiff appeals. Reversed and remanded.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Herman H. Levy, of New York City, for appellant.
Bernheim & Loewenthal, of New York City, for respondent.

GUY, J. The action was on a check given by the defendant to the plaintiff in payment of services and material furnished. The defendant claimed that it had been agreed by the parties that the work and material should be satisfactory to her, that neither the material nor the work was satisfactory, and that she stopped payment of the check for that reason; while the plaintiff and his witnesses testified that the material furnished and the services rendered were in accordance with the agreement.

At the opening of the trial defendant's counsel conceded the cause of action on the check, and undertook to prove the affirmative defense.

After both sides had rested, the defendant was recalled and examined by her counsel in rebuttal, and during the cross-examination which followed the witness was asked, "What did you say to Mrs. Beaber?" Whereupon the court said:

"I think, the more you cross-examine this witness, the weaker you are making your case. The witness seems to be straightforward, and testifies very fully. If there is anything you omitted, you may ask her."

Plaintiff's counsel then stated that he wished to discontinue the action, but the court said:

"You cannot discontinue now. I will render judgment for the defendant on the merits. I will have it determined whether you can discontinue when you ascertain the condition of the court's mind. I will not allow you to discontinue after the case is concluded."

At the time the plaintiff's counsel said he wished to discontinue, it is clear that the action had not been finally submitted, and it was error for the court under the circumstances to dismiss the complaint upon the merits. Goldberg v. Victor, 26 Misc. Rep. 728, 56 N. Y. Supp. 1044; Nichols v. William, 42 Misc. Rep. 527, 86 N. Y. Supp. 136; Municipal Court Act, § 248.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.